Filed 5/15/23  P. v. Parson CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D081366 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. FVA1101104) |
| TERRANCE PARSON, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of San Bernardino County, Steven A. Mapes, Judge.  Affirmed.

Terrance Parson, in pro. per.; and Marcia R. Clark, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

In 2011, Terrance Parson was convicted of assault with a deadly weapon (knife) (Pen. Code,[1] § 245, subd. (a)(1)).  He was found to have suffered two strike prior convictions (§ 667, subds. (b)-(i)).  Parson was sentenced to an indeterminate term of 25 years to life in prison.

---

1      All further statutory references are to the Penal Code.

In 2022, Parson filed a petition for resentencing under section 1170.95 (now renumbered section 1172.6) although Parson was not convicted of any homicide offense within the meaning of section 1172.6. The court appointed counsel and held a hearing. Counsel stipulated Parson was not eligible for relief under section 1172.6 since he was not charged with or convicted of any of the offenses for which resentencing might be authorized. The court denied the petition.

Parson filed a timely notice of appeal.

Appellate counsel has filed a brief pursuant to *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*), indicating counsel has not been able to identify any arguable issues for reversal on appeal. Counsel asks the court to exercise its discretion to independently review the record for error as we would in a review under *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*). We notified Parson that he could file his own brief on appeal. He has filed a supplemental brief, which we will discuss later in this opinion.

The facts of the underlying offense are not relevant to our analysis of the legal issues in this appeal. We will not include a summary of the facts of the offense in this opinion.

DISCUSSION

As we have noted, counsel has filed a brief pursuant to *Delgadillo* and asks the court to exercise its discretion to independently review the record for error. To assist the court in its review, and consistent with *Anders v. California* (1967) 386 U.S. 738 (*Anders*), counsel has identified a possible issue that was considered in evaluating the potential merits of this appeal: Whether the court erred in finding Parson ineligible for resentencing because his conviction was for a violation of section 245.

2

In his supplemental brief, Parson does not explain why a conviction for a non-homicide offense should be eligible for resentencing under section 1172.6. Instead, Parson advises he has asked appellate counsel to file new motions under two different sets of legislative changes. Parson has not identified any potentially meritorious issues for reversal of the order on this appeal.

We have independently reviewed the record for error in the same manner as under *Wende*. We have not discovered any potentially meritorious issues for reversal on appeal. Competent counsel has represented Parson on this appeal.

## DISPOSITION

The order denying Parson's petition for resentencing under section 1172.6 is affirmed.

HUFFMAN, Acting P. J.

WE CONCUR:


BUCHANAN, J.


KELETY, J.

3